# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEV ORR | CIVIL ACTION |
| VERSUS | NO. 09-6273 |
| DEPARTMENT OF THE ARMY | SECTION  N (3) |

## ORDER ON RULE TO SHOW CAUSE

On September 14, 2009, plaintiff Bev Orr filed her Application to Proceed *In Forma Pauperis* [Doc. #1], which this Court granted. In that same order, this Court issued a Rule to Show Cause, in which it asked plaintiff to show in writing why her claims should not be summarily dismissed for lack of subject matter jurisdiction. [Doc. #2]. The Clerk of Court then filed plaintiff's Complaint [Doc. #3] in the record.

In her Complaint, plaintiff argued, "This is to claim the copy of the Federal contract to which I am a party, to which (document) I am entitled and which document is my permanent personal property." [Doc. #3]. She also noted, "This is to demand my copy of the legally executed contract, to which I am entitled (a personal copy for my record)." (*Id.*). After reviewing the complaint, the Court ordered plaintiff to show cause why her claim should not be summarily dismissed for lack of subject matter jurisdiction because it appeared that the Complaint was no more than a Freedom of Information Act request.

On September 30, 2009, plaintiff timely responded to the Rule to Show Cause. [Doc. #4].

On October 26, 2009, plaintiff filed a Supplement to Order to Show Cause dated September 17, 2009. [Doc. #7]. In her two responses plaintiff clarifies that her claim is not merely a FOIA request. Plaintiff's claim arises out of an alleged contract with the federal government that, she alleges, the federal government has consistently refused to negotiate or enforce. Plaintiff alleges that she is entitled to the alleged contractual benefits under a Department of the Army Memorandum dated October 2, 1993, which states, "when Ms. Orr was reassigned she became eligible to negotiate a transportation agreement for PCS costs, separation travel, and renewal agreement travel, if applicable." (Ex. B, attached to Response to Order to Show Cause Dated 17 September 2009). Plaintiff contends that the Army has consistently refused to award her the benefits to which she is entitled under the Memorandum.

Under federal law, "[s]uits to enforce contracts with federal agencies are governed by federal common law . . . and as a result arise under federal law for purposes of section 1331." *W. Sec. Co., a Subsidiary of Universal Mortgage Corp. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir. 1991) (citations omitted). Accordingly,

**IT IS ORDERED** that plaintiff has – for now – satisfied this Court's Rule to Show Cause dated September 17, 2009. This Order should in no way be construed as a ruling on the merits of plaintiff's claim. Indeed, this Order should not be construed as a determination of whether a contract even exists between plaintiff and defendant. This Order expressly reserves the right to defendant to assert any and all applicable and appropriate defenses to plaintiff's claims, should circumstances so warrant. The Court notes that claims against the United States for more than $10,000 reside exclusively within the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. §

1346(a)(2).  At this time, it is unclear what damages, if any, plaintiff seeks, or if she simply seeks "a transportation agreement," as that term is defined in the Department of Army Memorandum dated October 2, 1993.

**IT IS FURTHER ORDERED** that the Clerk of Court serve the defendant with a copy of plaintiff's Complaint.

New Orleans, Louisiana, this 11th day of February, 2010.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**