# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEV ORR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6273** |
| **THE DEPARTMENT OF THE ARMY** | **SECTION "N" (3)** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss [Doc. #21] filed by defendant The Department of the Army. Plaintiff opposes the motion. For the following reasons, it is recommended that the Motion to Dismiss [Doc. #21] be GRANTED.

**I.      Background**

Plaintiff alleges that she is eligible for travel costs that accrued nearly 20 years ago during her employment as a pharmacist with defendant. A 1993 memorandum authored by defendant's Assistant Chief of Staff Personnel, and attached to plaintiff's various pleadings, notes that under defendant's regulations, "a locally hired employee may be given a transportation agreement and any entitlements associated therewith when he/she is reassigned to a different overseas geographical locality as stipulated in para. C4005-3h(1) of the JTR." [Doc. #4, Ex. B]. In July 1992, plaintiff was reassigned from Stuttgart, Germany to Brussels, Belgium. Accordingly, the Assistant Deputy Chief of Staff Personnel found that

> [t]his constituted a move to a different overseas geographical locality. Thus, when

> Ms. Orr was reassigned she became eligible to negotiate a transportation agreement for PCS costs, separation travel, and renewal agreement travel, if applicable. Consequently, Ms. Orr should be granted separation travel back to Stuttgart.

*Id.*

Plaintiff filed her initial complaint and application to proceed *in forma pauperis* on September 14, 2009. [Doc. #1]. Initially, plaintiff sought a copy of the federal contract to which she is an alleged party. [Doc. #3 at p. 2]. This Court granted the application but ordered plaintiff to show cause why the complaint should not have been summarily dismissed for failure to state a claim because it appeared that this Court lacked subject-matter jurisdiction. [Doc. #2]. Plaintiff filed her response to the order to show cause [Doc. #4] and a supplemental response. [Doc. #7]. In her responses, plaintiff argued that she is entitled to the alleged contractual benefits under the memorandum. Finding that plaintiff had at least minimally satisfied the order to show cause, the Court ordered service on defendant. [Doc. #9]. The District Court then referred this lawsuit to the undersigned for all pre-trial matters. [Doc. #18]. Defendant now moves to dismiss the lawsuit.

## II. Law and Analysis

### A. Standard

Motions filed under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction to hear a case.

> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. . . . The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *accord Johnson v. Aramco Servs. Co.*, 164 Fed. Appx. 469, 2006 WL 45849, at *1 (5th Cir. Jan. 10, 2006). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161. "Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quotation omitted); *accord United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 653-54 (5th Cir. 2004).

When considering a motion to dismiss under Rule 12, the court must take the well-pleaded factual allegations of the complaint as true. "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001); *accord Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). It is well settled in this circuit that "[t]he district court . . . has the power to dismiss [pursuant to Rule 12(b)(1)] on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380, 1384 (5th Cir. 1989) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). "However,

conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) (quotation omitted); *accord Lovick*, 378 F.3d at 437.

B.   **Analysis**

Defendant argues that this court lacks subject-matter jurisdiction because the federal government has not waived sovereign immunity for suit under a contract that does not even exist. In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192. A court may not enlarge the waiver beyond the purview of the statutory language. *United States v. Williams*, 514 U.S. 527, 531 (1995). Absent a waiver of sovereign immunity, the federal government is immune from suit. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). The absence of such a waiver is a jurisdictional defect. *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990); *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (holding that a lack of a waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction").

Plaintiff cites the Court to no law – and this Court has found none – that would waive the sovereign immunity of the federal government under the circumstances here. In essence, plaintiff asks the Court to force defendant to execute a Transportation Agreement with her that would entitle

her to travel costs. No contract exists here.[1] This Court has found no statutory authority nor case law that would allow it to force an executive agency to enter or to negotiate a contract with a former employee.

Plaintiff cites 5 U.S.C. § 5722, entitled "Travel and transportation expenses of new appointees; posts of duty outside the continental United States," to support her claim. But that statute, and the regulations promulgated pursuant to it, are entirely discretionary in their use of the word "may," and nothing in the statute, the regulations, nor Title 5 confers jurisdiction on this Court under the circumstances here. Plaintiff also cites *Wright v. Foreign Service Grievance Board*, 503 F. Supp. 2d 163 (D.D.C. 2007), as support for her argument that subject-matter jurisdiction exists here. *Wright*, however, is distinguishable on numerous grounds. There, a contract – in the form of a settlement agreement – existed. *See id.* at 166. In addition, the plaintiff's lawsuit in *Wright* was a direct appeal under the Administrative Procedure Act ("APA") of the government's denial of his grievance. *Id.*[2] This lawsuit, on the other hand, is an original action and not an appeal under the APA.[3] The APA's waiver of sovereign immunity is thus inapplicable here. Moreover, the *Wright* court held that a waiver of sovereign immunity exists only when a plaintiff's contract action is based

---

[1] Indeed, strictly construing the language of the memorandum only entitles plaintiff to become eligible to "negotiate" a transportation agreement. [Doc. #4, Ex. B].

[2] It is well-established law that the APA acts as a waiver of sovereign immunity when a party is adversely affected by agency action, and subject-matter jurisdiction exists under 28 U.S.C. § 1331. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 n.13 (5th Cir. 1998) (noting that when subject-matter jurisdiction exists under 28 U.S.C. § 1331, "[t]he APA then serves as the waiver of sovereign immunity that allows a private party to sue the government").

[3] Even were this lawsuit a proper appeal under the APA, the time to appeal the agency's alleged failure to act on or to abide by its 1993 decision has most likely long since run.

on the Constitution or a federal statute. *See id.* at 181. The contract here is neither based on the Constitution nor, as noted above, on a federal statute. Accordingly, *Wright* is inapposite.[4]

## III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that defendant's Motion to Dismiss [Doc. #21] be GRANTED.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of July, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Plaintiff also argues that defendant is estopped from arguing that no contract exists, and defendant also argues that plaintiffs' claims have prescribed. Because the Court finds that subject matter jurisdiction does not exist, it pretermits discussion of these two issues.